UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROSHAWN MERISIER,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

13-CV-3656 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is pro se Petitioner Roshawn Merisier's motion to amend his petition for resentencing under 28 U.S.C. § 2255. For the reasons stated below, the Motion to Amend is DENIED and the unamended Petition is DISMISSED.

## I. BACKGROUND

### A. Petitioner's Criminal Trial and Direct Appeal

On December 7, 2007, Petitioner pleaded guilty to one count of conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), and one count of illegally dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). (See Dec. 7, 2007, Min. Entry, United States v. Green, No. 07-CR-192-4 ("Trial Dkt.").) On April 29, 2010, this court sentenced Petitioner concurrently to the mandatory minimum sentence of 120 months of incarceration and 5 years of supervised release on the narcotics trafficking count; and to 60 months of incarceration and 3 years of supervised release on the firearms trafficking count. (See J. as to Roshawn Merisier (Trial Dkt. 79).) On direct appeal, the Second Circuit affirmed Petitioner's conviction and sentence on June 27, 2012. (Mandate (Trial Dkt. 94).)

1

## B. The Petition and the Motion to Amend

On June 27, 2013, Petitioner filed the instant Petition under 28 U.S.C. § 2255. (Pet. (Dkt. 1).) He requests resentencing under the more lenient drug-related mandatory minimums in the Fair Sentencing Act of 2010 (the "FSA"), arguing that the FSA's penalties should be made retroactively applicable because the pre-FSA mandatory minimums for crack cocaine violated the Equal Protection Clause. The Government filed a memorandum in opposition arguing that the Petition should be dismissed. (Mem. in Opp. ("Gov't Mem.") (Dkt. 3).) In lieu of a response, Petitioner filed a motion requesting (1) leave to amend the Petition to include a claim of ineffective assistance of counsel, and (2) an extension of time to "complete filing." (Mot. to Am. (Dkt. 5).)

The court issued an order on April 21, 2015, reserving judgment on the Motion to Amend and granting Petitioner additional time to support his claims. (Order Reserving J. (Dkt. 6).) The court noted that the Motion to Amend appeared to be untimely filed, and that Petitioner had not alleged any factual basis for his claim of constitutionally ineffective counsel. (Id. at 5.) In light of Petitioner's pro se status, however, the court afforded Petitioner an opportunity to remedy these defects by (1) presenting facts that would establish timeliness based on "the application of § 2255(f)(2)-(4), equitable tolling, or the relation back doctrine"; and (2) "provid[ing] a brief explanation of the factual basis or bases for his proposed claim" of ineffective assistance of counsel. (Id. at 5-6.) The court directed Petitioner to "submit this affirmation to the court by June 1, 2015," and warned that "[i]f Petitioner does not do so, the court will deny his motion to amend as time-barred." (Id.)

2

## II. DISCUSSION

### A. The Motion to Amend

Petitioner has not submitted the affirmation called for in the court's April 21, 2015, Order. The time to do so has long passed. The Motion to Amend is therefore denied as time-barred, as discussed in the court's prior order.

### B. The Original Petition

The unamended Petition sought resentencing based on a single argument: the pre-FSA mandatory minimums for crack cocaine offenses violated the Equal Protection Clause, and Petitioner should therefore be resentenced under the FSA's more lenient statutory penalties. (See generally Pet.) This argument is foreclosed by binding precedent, and so the Petition must be dismissed.

As a preliminary matter, Petitioner rests his argument entirely upon the Sixth Circuit's holding in United States v. Blewett, 719 F.3d 482 (6th Cir. 2013),[1] which was ultimately vacated upon en banc review. United States v. Blewett, 746 F.3d 647, 649 (6th Cir. 2013) (en banc) ("[W]e hold that the [FSA] does not retroactively undo final sentences.").

In any event, this court is bound by clear precedent. The Second Circuit has "repeatedly rejected" the argument that the pre-FSA mandatory minimums violate the Equal Protection Clause. United States v. Samas, 561 F.3d 108, 110 (2d Cir. 2009) (per curiam). Petitioner was sentenced on April 29, 2010, and so "the FSA cannot be applied to reduce [his] sentence

---

[1] The initial Blewett panel held that the FSA "should apply to all defendants, including those sentenced prior to its passage," because "the federal judicial perpetuation of the racially discriminatory mandatory minimum crack sentences for those defendants sentenced under the old crack sentencing law . . . would violate the Equal Protection Clause." 719 F.3d at 484.

3

because . . . he was convicted and sentenced" before the FSA's effective date of August 3, 2010. United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam) (citations omitted).[2]

## III. CONCLUSION

For the reasons stated above, the Motion to Amend (Dkt. 5) is DENIED and the Petition (Dkt. 1) is DISMISSED. No Certificate of Appealability shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated: Brooklyn, New York
November 9, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] The Supreme Court has held that the FSA's "more lenient penalty provisions apply to offenders" who were not sentenced until after the FSA's effective date, irrespective of whether their offense was committed before or after that date. Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). Diaz's holding survives Dorsey, as recognized in United States v. Rowley, 543 F. App'x 104, 105 (2d Cir. 2013) (summary order).

4